Opinion issued January 15, 2009











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00270-CV






IBRAHIM M. ETERM D/B/A PRESTIGE MOTORS, Appellant


V.


RHONDA L. CRAMPTON AND LANE CRAMPTON, Appellees






On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 2005-60470




 


MEMORANDUM OPINION This is a suit over a used car. Appellees, Rhonda L. Crampton and Lane
Crampton, purchased the car from "Prestige Motor Sales." Appellant, Ibrahim M.
Eterm d/b/a Prestige Motors, nonetheless contends that he is not the person who sold
the car to the Cramptons. Eterm claims that James Frangi sold the car to the
Cramptons and that Frangi is not his employee.

 After the Cramptons were unable to obtain a motor vehicle certificate of title
and the car developed mechanical problems, they sued Eterm claiming breach of
contract, breach of warranty, and fraud. The Cramptons moved for summary
judgment based on the grounds of breach of contract and breach of warranty. The
motion for summary judgment mentioned fraud, but fraud was not a ground for
summary judgment. Eterm failed to answer requests for admissions, and as a result,
admitted that he sold the car to Rhonda Crampton. See Tex. R. Civ. P. 198.2(c)
(effect of failure to respond to request for admissions). The district court granted the
motion and rendered summary judgment that the Cramptons recover $41,404.51 and
attorney's fees.

 Eterm brings four issues: (1) failure to deliver a certificate of title does not
constitute a breach of the warranty of title; (2) there is a material issue of fact
regarding whether the Cramptons' waived the warranty of title; (3) there are material
issues of fact related to the breach-of-contract claim; and (4) the Cramptons' did not
establish one or more elements of fraud.

 In his argument concerning issue 3, Eterm characterizes the Cramptons'
breach-of-contract claim as being based on three statutes, Finance Code section
348.006 and Transportation Code sections 501.022 and 501.0234. See Tex. Fin.
Code Ann. § 348.006 (Vernon 2006) (documentary fee); Tex. Transp. Code Ann.
§§ 501.022, .0234 (Vernon 2007) (requiring certificate of title, duty of vehicle
dealer). Eterm claims that none of these statutes apply to the facts of this case.

 We need not reach the issue of the applicability of the three statutes because
there is summary judgment evidence that a documentary fee of $50 was, in fact,
charged, and Eterm has admitted to selling the car. The Cramptons' summary
judgment ground for their breach-of-contract claim cites to the statutes, but the
ground is ultimately based on the bill of sale, which included the documentary fee,
"In short, [Eterm] contracted explicitly (by the charging of a documentary fee as
noted in the Buyer's Order) . . . to deliver a title to the vehicle." Because Eterm's
challenge to the breach-of-contract ground of recovery is limited to challenging the
applicability of the three statutes, and does not otherwise challenge summary
judgment based on breach of contract, we overrule issue 3.


 Because we have denied issue 3 and the summary judgment was based on
multiple, independent grounds, we do not reach issues 1, 2, and 4. We affirm the
judgment of the district court.



 Sam Nuchia 

 Justice


Panel consists of Justices Nuchia (1), Hanks, and Higley.
1. Justice Sam Nuchia, who retired from the First Court of Appeals on
January 1, 2009, continues to sit by assignment for the disposition of
this case, which was submitted on April 30, 2008.